**United States District Court**
For the Northern District of California

1
2
3
4
5   UNITED STATES DISTRICT COURT
6   NORTHERN DISTRICT OF CALIFORNIA
7
8   UMG RECORDINGS, INC., *et al.*,           No. 06-0652 SBA (EMC)
9           Plaintiffs,                       **ORDER GRANTING PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11(a) FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**
10      v.
11  DOES 1 - 4,
12          Defendants.                       (Docket No. 5)
13  _____/
14

Having reviewed the Plaintiffs' brief and accompanying submissions, and good cause appearing therefor, the Court orders as follows: Plaintiffs' Motion for Administrative Relief Pursuant to Local Rule 7-11(a) for Leave to Take Immediate Discovery is **GRANTED**.

### I.   FACTUAL BACKGROUND

Plaintiffs have sued Doe Defendants for copyright infringement. Plaintiffs allege that Doe Defendants, without authorization, used a peer-to-peer online media distribution system to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. Plaintiffs do not know the names of the Defendants but have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendant's infringing activity. Here, the Internet service provider is Covad Communications Co. ("Covad"). Plaintiffs seek leave of the Court to serve immediate discovery on Covad to identify each Defendant. Plaintiffs intend to serve a Federal Rule of Civil Procedure ("Rule") 45 subpoena on Covad seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") addresses.

## II. DISCUSSION

This Court considers this motion in light of the good-cause standard for expedited discovery, First Amendment privacy concerns, and the Cable Communications Policy Act, 47 U.S.C. § 551.

A.   Good Cause

Expedited discovery under Rule 45 is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In *Semitool*, plaintiffs alleged patent infringement and sought expedited discovery to determine if some of its other patents may have been infringed as well. *Id*. at 274. Although the plaintiff would not have been irreparably harmed had it not received expedited discovery, it contended the expedited discovery would ultimately conserve party and court resources and expedite the litigation. *Id*. at 276. Further, the defendants conceded that the requested information was relevant and would have been produced in the normal course of discovery. *Id*. This Court granted the request. *Id*. at 277.

Here, good cause for expedited discovery outweighs any prejudice to Doe Defendants, for several reasons. First, Plaintiffs have no other way to obtain this most basic information, which is necessary to advance the lawsuit by enabling Plaintiffs to effect service of process. Postponing disclosure of information until the normal course of discovery is not an option in the instant case because, without disclosure of Defendants' names and contact information, the litigation cannot proceed to that stage. *Id*. at 276. Second, expedited discovery is appropriate because ISPs typically retain user activity logs for only a limited period, ranging from as short as a few days to a few months, before erasing data. Whitehead Decl., ¶ 22. If the information is not disclosed before it is destroyed, Plaintiffs will forever lose their opportunity to pursue infringement claims against the people associated with these IP addresses. Third, copyright infringement claims necessarily involve irreparable harm to Plaintiffs, as a copyright holder is presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded. *Health Ins. Ass'n. of Am. v. Novelli*, 211 F.Supp.2d 23, 28 (D.D.C. 2002). Therefore, good cause exists here.

///

///

B.    First Amendment

A person who uses the Internet to download or distribute copyrighted music without permission is engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not protect the person's identity from disclosure. *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 558 (S.D.N.Y. 2004). In *Sony*, the court granted the plaintiffs' ex parte application to serve a subpoena upon a non-party cable service to obtain the identities of Doe defendants suspected of downloading or distributing copyrighted sound recordings without permission. *Id*. at 558-59. The cable company sent notice to all affected subscribers. *Id*. at 560. An attorney representing one of the Doe defendants sent a letter that the court construed as a motion to quash the subpoena based on, among other grounds, the First Amendment. *Id.* at 560-61.

As a preliminary matter, the court noted that the Supreme Court has held that the First Amendment does not protect copyright infringement. *Id*. at 563 (citing *Harper & Row Publishers, Inc. v. Nation Enters*, 471 U.S. 539, 555-56 (1985)). Proceeding to the merits of the First Amendment challenge, the court reasoned that an individual who downloads or distributes sound recordings is not seeking to convey a thought or idea but rather to obtain music for free. *Id*. at 564. Such an individual, however, may be making a statement by downloading or distributing sound recordings, as in expressing himself or herself through the music selected and made available to others. *Id*. at 564. Therefore, downloading and distributing sound recordings qualifies as speech, but only to a limited extent. *Id*. Next, the court applied five factors in determining whether the First Amendment protected the defendants' identities from disclosure. *Id*. Those factors were: (1) a concrete showing of a prima facie claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the Doe defendants' expectation of privacy. *Id*. at 565-65.

The court applied the factors as follows: (1) plaintiffs had made a prima facie showing of copyright infringement, whose two elements are ownership of a valid patent and copying the original work without permission; (2) the discovery request was "sufficiently specific" to establish a reasonable likelihood that it would lead to identifying information that would make possible service

-3-

1 upon the defendants; (3) the plaintiffs lacked other means to obtain the subpoenaed information, as a
2 search of a publicly available database of IP addresses was insufficient; (4) ascertaining the
3 identities of the defendants was critical to plaintiffs' ability to pursue the litigation, for without the
4 information plaintiffs would be unable to serve process; and (5) defendants had little expectation of
5 privacy because the cable company's terms of service stated that the company had the right to
6 disclose any information as necessary "to satisfy any law, regulation, or other governmental
7 request," not to mention that the defendants diminished any expectation of privacy they may have
8 had by opening their computers to others through peer-to-peer file sharing. *Id*. at 565-67. The court
9 concluded that all five factors weighed in the plaintiffs' favor and that, therefore, the First
10 Amendment did not protect the disclosure of the defendants' identities. *Id*. at 567.

11 Similarly here, although Doe Defendants are engaged in First Amendment speech to a
12 limited extent, the five factors weigh in favor of compelling disclosure of identifying information.
13 (1) Plaintiffs have made a prima facie showing of copyright infringement. Whitehead Decl., ¶ 22.,
14 Exh. 1. (2) Because the discovery request seeks only the names and contact information of the
15 people associated with certain IP addresses at certain times, it is "sufficiently specific" to establish a
16 reasonable likelihood that it would lead to identifying information that would make possible service
17 upon the defendants, without revealing more than is necessary. (3) Plaintiffs lack other means to
18 obtain the subpoenaed information, as a search of a publicly available database of IP addresses
19 revealed only the company that administered the relevant IP addresses. (4) Ascertaining the
20 identities of the defendants is critical to Plaintiffs' ability to pursue the litigation, for without the
21 information Plaintiffs would be unable to serve process. (5) Although their user agreements with
22 Covad are not in the record, Defendants had little expectation of privacy because they opened their
23 computers to others through peer-to-peer file sharing. Therefore, the First Amendment does not
24 protect against disclosure of Defendants' names and contact information.

25 ///
26 ///
27 ///
28 ///

C.  Cable Communications Policy Act

The Cable Communications Policy Act ("the Act") generally protects against the disclosure of cable service subscribers' personally identifiable information. 47 U.S.C. § 551(c). The names and addresses of such subscribers may be disclosed, however, if the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the disclosure does not reveal the "(I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or (II) the nature of any transaction made by the subscriber over the cable system of the cable operator. . ." § 551(c)(2)(C). In invoking the Act, Plaintiffs have questioned whether it even applies to cable Internet providers.

The Court finds it unnecessary to decide this question. Regardless of whether the Act applies, Covad is ordered to give its subscribers a copy of the subpoena, before releasing any personally identifiable information, within five (5) days of its receipt of the subpoena. If this Act does apply, then this notice is required by section 551(c)(2)(C)(i). Even if the Act does not apply, the Court finds that notice is required in the interest of fairness and pursuant to Rule 45(c)(3)(A)(iii) and (iv), which provide that a subpoena may be quashed or modified if it requires disclosure of privileged or "other protected matter," or if it subjects a person to undue burden. Given the privacy and potential First Amendment interests that inhere in the records sought, this Court has the authority under the Federal Rules to condition the subpoena on consumer notice and an opportunity to be heard.

### III. CONCLUSION

Because there is good cause for the disclosure of Doe Defendants' names and contact information, and because the First Amendment does not prohibit such disclosure, Plaintiffs' Motion for Administrative Relief Pursuant to Local Rule 7-11(a) for Leave to Take Immediate Discovery is **GRANTED**. Plaintiffs are hereby ordered to serve a Rule 45 subpoena upon Covad. Covad, in turn, shall serve a copy of the subpoena and a copy of this order upon its relevant subscribers within five (5) days of Covad's receipt of the subpoena. The subscribers shall then have 15 days from the date of service upon them to file any objections with this Court. If that 15-day period elapses without any subscriber filing an objection or a motion to quash, Covad shall have ten (10) days after

said lapse to produce each subscriber's name, address, telephone number, e-mail address, and Media Access Control ("MAC") addresses to Plaintiffs pursuant to the subpoena.

This order disposes of Docket No. 5.

IT IS SO ORDERED.

Dated:  March 6, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge